IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS A. MONTAÑEZ, #B-46636, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-419-MJR |
| ) | |
| ADRIAN FEINERMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, Carlos A. Montañez, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff Montañez states that his Eight Amendment right to be free from cruel and unusual punishment was violated when the Defendants failed to provide timely and proper treatment of his prostatitis, kidney stones, and chronic pain in his knee, hamstring and hips, and that as a result he suffered unnecessary pain and exacerbation of his symptoms. His prostate problems included recurring pain and infections, and he claims Defendants Feinerman, Fahim and Molly withheld his pain medication and provided improper treatment. He alleges that Defendants Feinerman and Fahim failed to provide any treatment for his kidney stones. He also claims that Defendants Feinerman and Fahim refused to refer him to a specialist or order an MRI for his knee, leg and hip pain. He re-injured his knee, suffering more pain, after he was moved to a high bunk and Defendants Brown, Molly and Fahim refused his request to be returned to a low

bunk, where he had been placed since 2007 due to his medical issues. Plaintiff also raises tort claims for medical negligence and malpractice against Defendants Feinerman, Fahim, Brown and Molly, based on the same conduct giving rise to his claim of deliberate indifference to medical needs.

Plaintiff further alleges that his due process rights were violated by Defendants Brown, Gaetz, and Spiller when his numerous grievances over the inattention to his medical problems either went unanswered or were not addressed in a timely manner. Finally, he alleges in a later-filed Affidavit (Doc. 8) that he has been placed in segregation in retaliation for filing this action.

The Plaintiff requests a jury trial, seeks an order requiring Defendants Fahim, Molly and Brown to provide him with medical tests and treatment to address his medical problems, and seeks compensatory damages. While Plaintiff did not detail the amounts of damages sought in his complaint, he states in his Motion to Amend Complaint (Doc. 9) that he requests the following amounts: $25,000 each from Defendants Feinerman, Gaetz, and Spiller; $10,000 from Defendant Molly; $7,000 from Defendant Brown; and $15,000 from Defendant Fahim.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three (3) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference to Serious Medical Needs**

The Plaintiff suffers from three distinct medical problems, all of which caused him to endure recurring pain: prostatitis including infections, frequent and painful urination; kidney

stones; and chronic joint and muscle pain in his right knee, hip and hamstring aggravated by a re-injury of the knee. Plaintiff alleges that Defendants Fahim, Molly, and Feinerman were directly responsible for his medical care, and complains that their actions showed deliberate indifference to his medical needs in the following ways: 1) they failed to provide or stopped his prescribed pain medication for prostatitis, once for several weeks and another time for several days; 2) they did not provide him with the medical care he desired, specifically by refusing to order diagnostic testing or referral to a specialist for his knee, hip and leg pain, by failing to promptly respond to his requests for care for each of his problems, and by providing treatment that did not effectively relieve his prostate and other symptoms; and 3) they failed to give him any treatment for his kidney stones.

He also alleges that Defendants Fahim, Molly and Brown moved him to a high bunk/high gallery placement after low bunk/low gallery had been previously prescribed for him, then refused to return him to low bunk/low gallery until after he re-injured his knee while getting up during the night to urinate.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d

1364, 1373 (7th Cir. 1997). However, mere dissatisfaction with a particular course of treatment, or even malpractice, does not amount to a claim for deliberate indifference, and a prisoner's self-serving opinion of the quality of treatment is insufficient to raise the claim. *See Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

At the outset, the court notes that Plaintiff's medical conditions fit the above definition of "serious medical needs," as they have caused him chronic and substantial pain, and significantly affect his daily activities. However, a deliberate indifference claim requires not only an objectively serious risk of harm, but also a subjectively culpable state of mind on the part of the prison official accused of failing to address the medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). In other words, the official must have known of "a substantial risk of harm to the inmate and disregarded the risk." *Greeno*, 414 F.3d at 653.

### A. Indifference to Need for Pain Medication

Plaintiff alleges that in August 2009, he was sent to an outside urologist clinic where he was diagnosed with an enlarged and infected prostate, and was prescribed a painkiller (Ultram). However, this pain medication was not provided to him by Defendants Feinerman or Molly until several weeks later after he wrote to Defendant Molly requesting it. Later, in April 2010, this pain prescription was renewed, but on May 5, 2010, Defendant Fahim stopped providing the pain medication. It was only restored several days later after Plaintiff sent an emergency grievance to Defendant Molly.

While the denial of pain medication may state a claim for deliberate indifference, *see Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999), the merits of this claim cannot be considered further because Plaintiff's complaint and exhibits taken together demonstrate that he has not exhausted his administrative remedies. His complaint states merely that he "filed several grievances to the counselor's office, then appealed to the grievance officer and I send it to the Administration [sic] Review Board. Also emergency grievances were filed various times and

sent to the Warden's Office." (Doc. 1, p. 3). The complaint does not state the final result of any grievance. Plaintiff included 112 pages of exhibits to his complaint, consisting of grievances, responses, and letters to prison officials. However, the only documents from the Administrative Review Board (ARB) regarding the relevant grievances are forms asking for Plaintiff to submit additional information. (Doc 1-2, p. 13, 23)

While Plaintiff's letters and grievances did result in his pain medication being restored to him, the complaint and exhibits show that he has not followed through with any grievance over the denial of pain medication to the point of having the matter addressed in a final ruling by the ARB. Instead, by attaching exhibits that show his failure to exhaust his remedies, Plaintiff has effectively "pled himself out of court." *See Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts . . . . Allegations in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the federal courthouse.").

The prison grievance system is in place as an administrative remedy, and such remedies must be entirely exhausted before an inmate may proceed with the related claim in court. *See* 42 U.S.C. §1997e(a); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act (PLRA), is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege an Eighth Amendment violation based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Because Plaintiff's documents show that he did not pursue any grievance over the denial of pain medication to the point of exhausting his administrative remedies, the claim for deliberate indifference for denial of pain medication by Defendants Feinerman, Fahim, and Molly must be

dismissed without prejudice.

### B. Indifference to Desired Care

The majority of Plaintiff's claims regarding his medical treatment for both his prostate problems and knee, hip, and leg pain boil down to dissatisfaction with the care he received from Defendants Feinerman, Fahim, and Molly. Plaintiff further claims that the treatment he received from Defendants Feinerman, Fahim, Molly, and Brown, constituted medical malpractice and/or medical negligence. His complaint, and the numerous attached grievances and letters, indicate that he was seen by specialists and was given various medications for his prostate problems, from which he obtained some relief, but the treatment did not succeed in relieving all his chronic symptoms. He had x-rays of his leg and was given a muscle relaxant medication. However, he was not referred to an orthopedic specialist, given an MRI, or referred for possible surgery, as he requested.

An inmate's desire to receive one form of treatment over another does not amount to deliberate indifference, as noted above. *See Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Furthermore, medical malpractice or negligence claims are not actionable in a civil rights case, and "are questions of tort, not constitutional law." *Snipes*, 95 F.3d at 591. A physician's chosen course of treatment for a prisoner may be ineffective, and may even amount to gross negligence or medical malpractice, but malpractice alone does not rise to the level of constitutional deliberate indifference to an inmate's medical needs. *See Estelle,* 429 U.S. at 106; *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000); *Snipes*, 95 F.3d at 590-91.

Because Defendants provided Plaintiff with medical attention, though he would have preferred different treatment, the claims against Defendants Feinerman, Fahim and Molly for deliberate indifference for failing to provide desired care must be dismissed with prejudice for failure to state a claim. Likewise, the medical malpractice/negligence claims against these defendants and Defendant Brown, must be dismissed with prejudice.

### C. Indifference to Request for Kidney Stone Treatment

Plaintiff's complaint states he never received treatment for his kidney stones, but does not specify when or to whom he requested treatment, other than stating he wrote to the warden after he passed a stone on June 2, 2010. However, the attached exhibits show that Plaintiff discussed removal of the kidney stones with Defendant Feinerman in August 2009, and then complained on October 29, 2009 that no follow up treatment or removal was done. (Doc. 1-3, pp. 11, 37) As with the previously discussed claims, Plaintiff failed to exhaust his administrative remedies by pursuing his grievance over the October 2009 failure to treat.

As to the June 2, 2010, claim that no treatment was given to him after he passed a kidney stone, the instant complaint was filed by Plaintiff immediately after this incident. Thus, any subsequent action or inaction on his request for treatment, or whether Plaintiff filed any grievance, was not stated in his complaint. Moreover, Plaintiff has not named any particular Defendant in connection with the failure to treat him in June 2010. Therefore, the claim against Defendant Feinerman over deliberate indifference to his need for kidney stone treatment must be dismissed without prejudice.

### D. Indifference to Request for Low Bunk Placement

Plaintiff alleges that under a prescription from a previous doctor, he was to be housed in a low bunk/low gallery location so that he would not aggravate his hip, knee and leg pain by having to climb stairs and climb into a high bunk. At some point, he was reassigned to a high bunk/high gallery, and he filed a grievance on March 9, 2010, requesting a return to the low bunk/low gallery placement. This grievance was denied by Defendant Brown, and Plaintiff alleges Defendant Fahim refused to prescribe the low placement. There is no statement or indication that Plaintiff appealed this denial. In early April, 2010, Plaintiff fell as he climbed down from the bunk in the night to urinate, re-injuring his knee, and he sent a letter complaining to Defendant Molly. On April 21, 2010, a Doctor Fuentes prescribed Plaintiff back to a low bunk/low gallery.

Again, there is no indication that Plaintiff further pursued any grievance over this incident, and no claim that he has exhausted his administrative remedies. Therefore, the deliberate indifference claim against Defendants Fahim, Molly and Brown over the high bunk assignment must be dismissed without prejudice.

**Count 2 - Due Process Failure to Address Grievances**

Plaintiff alleges that Defendants Brown, Molly, Gaetz and Spiller failed to respond, or issued inadequate responses, to his grievances claiming lack of or improper medical treatment. However, despite the many letters he has written regarding his complaints, Plaintiff's complaint and exhibits as a whole again fail to show that he properly appealed the responses he did receive regarding his grievances, or that he has exhausted his administrative remedies on any of the complaints he has raised to prison officials.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Because Plaintiff's complaints regarding the way his grievances have been handled do not rise to the level of a constitutional violation, he has failed to state a due process claim against Defendants Brown, Molly, Gaetz and Spiller. Therefore, this count must be dismissed with prejudice.

**Count 3 - Retaliation**

Plaintiff did not include a retaliation claim in his original complaint, but raises the claim in an affidavit dated September 12, 2010, informing the court of his efforts to seek legal representation. (Doc. 8) He states: "This Affidavit was written on 8/25/10, but on the same date I were [sic] placed on 'investigation' status in segregation building for an unknown reason, which this Plaintiff interpreted as a 'retaliation' due to the legal prosedures [sic] and filings."

To succeed on a retaliation claim, an inmate must demonstrate that prison officials

retaliated against him for exercising a constitutionally protected right. *Morfin v. City of East Chicago*, 349 F.3d 989, 1005 (7th Cir. 2003). The Plaintiff bears the burden of proving that retaliation for his complaints was a motivating factor in the defendant's decision to take the alleged retaliatory action. *Pearson v. Welborn*, 471 F.3d 732, 740 (7th Cir. 2006). While Plaintiff here may be able to state a viable retaliation claim, he has failed to name any particular defendant who took the action complained of. In addition, he has not stated that he has filed any grievance over the alleged retaliatory action, let alone exhausted his available administrative remedies to challenge the action. Therefore, the retaliation count must be dismissed without prejudice.

**Pending Motions**

Because Plaintiff's entire complaint must be dismissed, Plaintiff's pending Motion to Amend his Complaint (Doc. 9) to add his specific prayer for relief against the Defendants, and his Motion for Appointment of Counsel (Doc. 3), are DENIED AS MOOT.

**Disposition**

IT IS HEREBY ORDERED that Plaintiff's claims under Count 1 B, indifference to desired care, and Count 2, due process failure to address grievances, are frivolous, and thus are **DISMISSED** against **ALL DEFENDANTS** with prejudice.

IT IS FURTHER ORDERED that because Plaintiff has failed to exhaust his administrative remedies as to his remaining claims under Count 1 A, indifference to need for pain medication, Count 1 C, indifference to request for kidney stone treatment, Count 1 D, indifference to request for low bunk placement, and Count 3, Retaliation, these claims against **DEFENDANTS FEINERMAN, FAHIM, MOLLY** and **BROWN** are **DISMISSED** without prejudice. Plaintiff is free to re-file his action as to these counts after he has first exhausted his administrative remedies. The court notes that under *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), the dismissal of this action shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:      1/26/2011**

                                                    **s/ Michael J. Reagan**

                                  **MICHAEL J. REAGAN, DISTRICT JUDGE**