IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARLOS A. MONTAÑEZ, #B-46636,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-419-MJR |
| | ) |
| **ADRIAN FEINERMAN,** *et al.,* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This case is now before the Court on remand from the United States Court of Appeals, Seventh Circuit. The appellate court's mandate issued October 3, 2011 (Doc. 36), and accompanying order (Doc. 36-2) partially vacated this Court's dismissal of Plaintiff's claim for deliberate indifference to his serious medical needs (Doc. 11). The cause was remanded for further consideration of Plaintiff's claim, designated as Count 1(C) in this Court's threshold order (Doc. 11), that Defendant Feinerman denied treatment for his kidney stones beginning in August 2009.

In accordance with the order of the United States Court of Appeals, Seventh Circuit, it is hereby **ORDERED** that the Clerk of Court shall prepare for Defendant **FEINERMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the January 27, 2011, order at Doc. 11, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return

the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to **United**

**States Magistrate Judge Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that because this Court's earlier dismissal of Count 1 A, 1 B, 1 D, and Counts 2 and 3 has been affirmed on appeal, the remaining Defendants, **FAHIM, MOLLY, BROWN, GAETZ**, and **SPILLER**, are dismissed from this action without prejudice.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 10/17/2011

/s/ MICHAEL J. REAGAN

**MICHAEL J. REAGAN**
**U.S. DISTRICT JUDGE**